IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-93-RPM

INGRID IVERSEN, individually and as personal
representative of the Estate of Terry Tyler,

      Plaintiff,

v.

AGA SERVICE COMPANY,

      Defendant.

---

**STIPULATED PROTECTIVE ORDER CONCERNING MATERIALS CLAIMED TO BE PROTECTED UNDER F.R.C.P. 26(c)**

---

Plaintiff Ingrid Iversen and Defendant AGA Service Company (the "Parties") have agreed that this Stipulated Protective Order Concerning Materials Claimed to be Protected Under F.R.C.P. 26(c) ("Protective Order") should be entered to establish that:

(i) all information produced in discovery in this action will be used by the receiving party only in connection with the above-captioned matter, Civil Action No. 14-CV-93-RPM, pending in the United States District Court for the District of Colorado (the "Action"); and

(ii) to the extent that any documents, computer files, computer information or other materials produced in this Action are entitled to protection under F.R.C.P. 26(c) as a trade secret or confidential research, development or commercial information, such information is not disseminated to the commercial detriment of the producing party.

ACCORDINGLY, THE COURT FINDS AS FOLLOWS:

1. All information produced in discovery in this Action will be used by the receiving party only in connection with this Action.

2. Certain classes of information produced during discovery in this Action may constitute trade secrets, confidential research, development, commercial information or information with respect to which there are substantial privacy interests ("Protected Material") or attorney-client privileged information.

3. Unless disclosure of these Protected Materials is limited as provided, actual and substantial injury will be suffered, including but not limited to, loss of competitive advantage and marketing advantage.

4. The entry of this Protective Order is the proper means by which the parties may be given full opportunity to complete discovery, and at the same time, protect the respective interests of the parties.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1. **Designation of Protected Materials**. A Party producing or providing materials and/or information ("Producing Party") believed in good faith by the Producing Party to be entitled to protection under F.R.C.P. 26(c) shall designate the materials as "CONFIDENTIAL." The designation of documents as Protected Materials may only be accomplished as follows:

   a. The designation shall be accomplished by placing or otherwise affixing a label indicating the designation to documents prior to the documents' production or delivery; or

   b. If a Producing Party discovers it has inadvertently or accidentally produced Protected Materials without designating such documents as provided in this

Protective Order, the Producing Party, within seventy-two (72) hours of discovery, shall provide written notice to the Party in receipt of such materials (the "Receiving Party") of the inadvertent or accidental disclosure and the designation of the materials as Protected Materials (by Bates numbered page or page range, identification of computer files, etc.). The Receiving Party shall not be responsible for any disclosure that occurs before notice of the inadvertent or accidental production but shall attempt to obtain compliance with the Protective Order from those persons or entities to which any disclosure was made before the Receiving Party received notice of the inadvertent or accidental production. A Party's inadvertent or accidental production or disclosure of protected materials without designating such materials shall not constitute a waiver of the protection afforded herein if counsel for the Producing Party furnishes the notice required herein.

2. **Procedure for Contesting Designation of Protected Materials**. If the Receiving Party contests the Producing Party's designation of Protected Materials, the Receiving Party, within thirty (30) days after receipt of the designation, shall notify the Producing Party that the Receiving Party contests the designation and shall confer with the Producing Party concerning the grounds for contesting the designation. If unresolved after conferral between the Producing and Receiving Parties, the Receiving Party shall make a motion to the Court for relief from the requirements of this Protective Order. If a designation is contested, the materials challenged shall be treated as "CONFIDENTIAL" as marked, under the terms of this Protective Order until a final non-appealable order that the materials are not entitled to protection as Protected Materials. The Producing Party shall bear the burden to persuade the Court that the designated materials are properly

designated and nothing in this paragraph 2 shall be deemed to excuse the Producing Party from the obligations of good faith set forth in paragraph 18 below.

3. **Derivative Materials**. In addition to the Protected Materials, the terms of this Protective Order also shall apply to (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits to depositions containing or reflecting the content of the Protected Materials or those materials set forth in subparagraph 3(a) of this Protective Order; (c) deposition testimony designated in accordance with the terms of this Protective Order; and (d) portions of answers or responses to interrogatories, requests for admissions or other formal or informal discovery requests or responses which contain or reflect the content of Protected Materials or those materials set forth in paragraph 3(a) of this Protective Order.

4. **Limitation on Use of Protected Materials**. Only those Protected Materials designated without contest or found to be entitled to such designation if the designation is contested shall be entitled to the protections provided under this Protective Order and such Protected Materials shall be used for the purposes of this litigation only, and for no other purpose.

5. **Disclosure of Protected Materials**. Protected Materials may be disclosed by the Receiving Party only to (a) the Court and its personnel in connection with this lawsuit; (b) the Receiving Party's litigation counsel, and necessary clerical, professional, or other support staff employed by such counsel, and such party's in-house counsel; (c) the Parties and their respective trustees, employees, agents, officers, and directors, all of whom may review and use the information solely for the purpose of defending or

prosecuting this litigation; (d) experts, consultants, or advisors acting on behalf of one or more of the parties to this litigation or their counsel who are consulted or retained to assist in the preparation of this litigation for trial; (e) noticed or subpoenaed witnesses and their counsel in preparation for and at the time of testimony or potential witnesses or deponents and their counsel when such disclosure is reasonably necessary for the purposes of trial or deposition preparation, factual investigation, or discovery; (f) stenographic reporters who are involved in depositions or hearings or proceedings before the Court in this action; (g) insurance companies or other indemnitors of any party; and (h) mediators or other neutral third parties engaged by the Parties to assist in resolving the Action.

6. **Requirements for Disclosure to Certain Persons**. Protected Materials may be disclosed to persons listed in Paragraph 5(d), (e), (g) and (h) of this Protective Order only after such person has been shown a copy of this Protective Order, has been advised of the terms, has agreed to abide by the Protective Order, has agreed to be subject to the jurisdiction of this Court for the limited purpose of enforcing this Protective Order and has signed a copy of Exhibit A to this Protective Order. Counsel making the disclosure to any such persons shall retain the signed agreement. Disclosure of Protected Materials to an expert or consultant under Paragraph 5(d) shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

7. **Preservation of Certain Privileges After Production.** If a Producing Party inadvertently or accidentally produces documents or information that are subject to the attorney-client or other legal privilege or protection from disclosure, the Producing Party, within fifteen (15) days of discovery of such fact, shall notify all counsel of record

of such inadvertent or accidental production, identifying in the notice the material or information inadvertently or accidentally produced and the privilege(s) asserted. In that case, the Producing Party shall not be deemed to have waived any privilege asserted by such production. Upon such notice, any parties receiving the materials shall return the materials but shall have the right to contest the asserted privilege, except as to any claim of waiver by production. If the Receiving Party disclosed the document or information that is subject to a claim of privilege before being notified by the Producing Party, the Receiving Party must take reasonable steps to retrieve the document(s) or information so disclosed and then either destroy it or return it to the Producing Party. If a Party receives a document(s) that obviously is subject to a claim of privilege by the Producing Party, the Receiving Party immediately must notify the Producing Party and shall, within five (5) business days, either destroy the document(s) or return it to the Producing Party.

8. **Protected Materials used As Exhibits In Depositions**. If Protected Materials are used as exhibits during a deposition, those exhibits shall be bound in a separate volume or otherwise segregated and marked subject to this Protective Order by the reporter or counsel for the Producing Party.

9. **Deposition and Trial Testimony Concerning Protected Materials**. If Protected Materials used as exhibits are discussed in a deposition or the substance of Protected Materials are discussed though not used as exhibits, the Producing Party may require such deposition testimony to be subject to this Protective Order. To the extent possible, the designation shall be made at the time of the deposition, whereupon the office transcribing the proceedings shall be instructed to stamp or write on the cover of the transcript the phrase "Contains Confidential Information." If it is impractical to

designate the testimony at the time of the deposition, the Producing Party shall have fifteen (15) days after receiving the transcript to designate the portions of the deposition as subject to the terms of this Protective Order by giving written notice of the designation of the deposition pages to be treated as subject to this Protective Order. Such notice shall be given to the reporter and all counsel of record. All counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control in accordance with the designation. Any party may contest the designation using the procedure set forth in Paragraph 2. If testimony concerning Protected Material is elicited at a hearing or at trial, counsel for any party may request that the Court designate a portion of the transcript to be sealed and treated as Protected Material consistent with this Protective Order.

10. **Person Excluded from Depositions**. A Producing Party shall have the right to exclude persons from a deposition before the taking of testimony subject to Paragraph 9 of this Protective Order under the following conditions: As to testimony concerning either exhibits or subject matter designated as "CONFIDENTIAL," counsel for the Producing Party may exclude all persons except counsel of record, the deponent (and his or her counsel, if any), the parties (or the designated representative or representatives of a party), the certified shorthand reporter and/or videographer transcribing or recording the deposition, and any consultant or expert retained for purposes of this litigation.

11. **Use of Protected Materials in Motions and Other Pleadings with the Court**. If the Receiving Party uses Protected Materials as part of Motions or in other filings with the Court, the filing shall be made pursuant to D.C.COLO.LCivR.7.2.

Alternatively, if possible, the portions of documents containing Protected Materials and that are not relevant to the issue before the Court shall be redacted. Before using any such Protected Material in connection with an in-court presentation, counsel will make reasonable efforts to meet and confer in good faith with the Producing Party to discuss whether the use of the Protected Material can be avoided.

12. **Right to Seek Further Protections; Non-Waiver.** This Protective Order shall not preclude a Producing Party from seeking such additional protection with respect to the confidentiality of documents or other discovery materials as that party may consider appropriate. Nothing in this Protective Order shall be deemed a waiver of any Party's right to object on grounds that information which has been produced or will be produced in this Action is not authentic, admissible or discoverable.

13. **Disclosures To Which Producing Party Consents.** Disclosure beyond the terms of this Protective Order is permissible if the Producing Party consents in writing to such disclosure.

14. **Return of Protected Materials.** Upon resolution of this lawsuit, unless otherwise agreed to in writing by an attorney of record for the Producing Party, each party shall assemble the Protected Materials or materials subject to this Protective Order and shall make them available to the Producing Party for a period of thirty (30) days during which time the Producing Party may make arrangements for obtaining the Protected Materials. Any copies of documents or summaries that contain or constitute an attorney's work product shall not be subject to this provision of the Protective Order but shall be subject to all other provisions. If the assembled materials are not obtained by the

Producing Party during the thirty (30) day period, the party may dispose of the Protected Materials in the manner in which that party typically disposes of documents.

15. **Protective Order Binding Upon All Parties and Other Persons**. This Protective Order shall be binding on all parties, including any party hereafter joined in the litigation and upon any expert or other person retained to assist in the litigation. Any person not a Party to this action from whom discovery is sought may obtain the benefits of this Protective Order by acknowledging that such non-party has read this Protective Order, has elected to accept its benefits and agreed to be bound by it, and has irrevocably submitted itself, himself, or herself to the jurisdiction of this Court for the limited purpose of resolving all issues regarding such non-party's Protected Materials in accordance with this Protective Order. Any documents, deposition testimony and other information produced upon discovery by such non-party and designated as Protected Material by such non-party shall be treated accordingly.

16. **Right of Producing Party to Use That Party's Materials**. Nothing in this Protective Order shall affect the right of any Party to disclose, disseminate, or make use of its own information or documents, including disclosure or dissemination to its officers, directors, employees, consultants or experts, or to any other person, information or documents designated by it as "CONFIDENTIAL." Unless the Court finds such disclosure has resulted in making the information or document public, such disclosure, dissemination, and use shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information or documents in violation of this Protective Order.

18. **Good Faith**. The Parties and their counsel shall exercise reasonable good faith in the designation of any materials as "CONFIDENTIAL." Such reasonable good faith requires, at a minimum, the following:

    a.    that the designating party determine in good faith that such materials qualify for protection under F.R.C.P. 26(c)(1)(G);

    b.    that the designating party determine that the Protected Materials are not already publicly available; and

    c.    that the designating party consider whether a competently opposed motion for protective order addressed to this Court would be granted and, if such party cannot so conclude in good faith, then such materials shall not be designated as "CONFIDENTIAL." Parties and their counsel of record shall not permit disclosure of confidential information in violation of this Protective Order and shall exercise good faith and reasonable care to avoid unnecessary disclosure in circumstances referred to above.

19. **Termination of This Protective Order.** The resolution of this lawsuit shall not terminate the provisions of the Protective Order, which provisions shall continue in force and effect. Nothing in this Protective Order, however, shall be deemed to preclude any party from moving the Court at any time to vacate this Protective Order in its entirety prospectively or *nunc pro tunc*. The Court retains jurisdiction during and after final disposition of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions to this Protective Order as the Court may from time to time deem appropriate or as may be requested by the Parties.

20. **Compliance with Subpoena.** If information designated as Protected Material in this Action is requested in a subpoena or other process by someone

who is not a Party in this action, the Party to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information as Protected Material and shall not produce the documents until the earlier of ten (10) business days after providing notice or the return date of the subpoena or other process.

21. **Damages.** Any Party or person who violates this Protective Order or who makes or assists in making an unauthorized disclosure of materials designated as Protected Materials pursuant to this Protective Order shall be subject to such sanctions as the Court deems appropriate.

DATED this 26 day of August, 2014.

BY THE COURT:

_____
United States District Judge


Approved as to Form this 20th day of August, 2014:


/s/ Christopher J. DeLara
Christopher J. DeLara
GUEBERT BRUCKNER P.C.
P.O. Box 93880
Albuquerque, NM 87199-3880
Telephone: (505) 823-2300
Fax: (505) 823-9600

*Attorney for Ingrid Iversen*

/s/ Benjamin B. Strawn
Tom McNamara, CO Bar #19880
Benjamin B. Strawn, CO Bar #44631
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
Telephone: (303) 892-9400
Fax: (303) 893-1379

*Attorneys for AGA Service Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-CV-93-RPM

INGRID IVERSEN, individually and as personal
representative of the Estate of Terry Tyler,

    Plaintiff,

v.

AGA SERVICE COMPANY,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER CONCERNING MATERIALS CLAIMED
TO BE PROTECTED UNDER F.R.C.P. 26(c)**

---

I hereby certify my understanding that the material designated "CONFIDENTIAL" is being provided to me pursuant to the terms and restrictions of the STIPULATED PROTECTIVE ORDER CONCERNING MATERIALS CLAIMED TO BE PROTECTED UNDER F.R.C.P. 26(c) ("Protective Order") in the above-captioned action, that I have been given a copy of and have read that Protective Order, and that I am familiar with all of its terms and restrictions. I submit to the jurisdiction of this Court for enforcement thereof. I agree to use any CONFIDENTIAL information disclosed to me pursuant to that Protective Order solely for purposes of this litigation, and I further agree not to disclose any such material to any person, firm or entity, except as permitted under the Protective Order, without the advance express written consent of the Producing Party or after further express Order of the Court.

Dated: _____    Signed: _____

                                                     Printed Name: _____